```
                    United States District Court
                      District of Massachusetts
_____
                              )
MARK M. LEVINE,               )
        Petitioner,           )    Civil Action No.
                              )    03-40202-NMG
        v.                    )
                              )    Related to:
UNITED STATES OF AMERICA,     )    United States v. Levine,
        Respondent.           )    Criminal No.
_____)    01-40011
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of Mark M. Levine ("Levine") for a further amended judgment. This is the second time Levine has moved this Court to amend the judgment entered against him in order to file a timely notice of appeal. Two successive attorneys have failed to accomplish the timely filing of a notice of appeal, as instructed by Levine.

I.  **Factual Background**

Levine's conviction stems from his participation in a telemarketing fraud scheme which was based in Montreal, Canada, and which targeted individuals, mostly senior citizens, across the United States. On August 9, 2001, pursuant to a written plea agreement, Levine pled guilty to two counts of conspiracy and mail fraud in a superceding indictment that had been filed in Massachusetts (Case No. 01-40011, "the Massachusetts indictment").

-1-

On September 16, 2002, again pursuant to a written plea agreement, Levine pled guilty to a one-count information for mail fraud that had been filed in Florida and transferred to Massachusetts (Case No. 02-40023, "the Florida information"). Immediately following that plea, Levine was sentenced to 75 months under the Massachusetts indictment and 60 months under the Florida information, both sentences to run concurrently, and was ordered to pay $1,296,953.51 in restitution. Those sentences were to run consecutively to a sentence Levine was then serving on an unrelated North Carolina conviction. Rosemary Godwin, an attorney from North Carolina, represented Levine with respect to the Massachusetts indictment, the Florida information and the North Carolina case.

On September 5, 2003, Levine filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Levine filed the motion in his Massachusetts criminal case, and also commenced a collateral attack on his sentence in the instant action, Levine v. United States, 03-cv-40202. In his § 2255 motion Levine contends, among other things, that he was denied the right to appeal because his lawyer failed to file a timely notice of appeal despite Levine's instruction.

On August 10, 2005, this Court allowed Levine's § 2255 motion with respect to his right to file a notice of appeal. As a remedy, the Court vacated his conviction and, on September 15,

2005, entered an amended judgment that was identical to the previous judgment in all respects except for the date of entry. In the interim, new counsel was appointed for Levine. Eugene Patrick McCann was appointed counsel in both the Massachusetts criminal case and the § 2255 action on August 22, 2005.

Mr. McCann did not file a notice of appeal following the entry of the Court's amended judgment on September 15, 2005. In an affidavit accompanying the pending motion, Mr. McCann states that he misconstrued the nature of his appointment and recognized his error in failing to file a notice of appeal in July, 2006. On July 27, 2006, Mr. McCann filed the pending motion on Levine's behalf for a further amended judgment and assures the Court that he will file a timely notice of appeal upon entry of such judgment, and furthermore that the Office of the Federal Defender has agreed to prosecute Levine's appeal. The government has not opposed the motion.

## II. Right to Appeal

An attorney's failure to file a timely appeal may be considered a denial of the right to appeal. In Bonneau v. United States, 961 F.2d 17, 18 (1st Cir. 1992), defendant Bonneau's counsel failed to file an appellate brief before the deadline, even after he had obtained multiple extensions of that deadline. The case was dismissed for want of prosecution. More than ten weeks later, Bonneau's counsel moved to reinstate the appeal but

that request was denied. Addressing Bonneau's subsequently-filed § 2255 motion for relief, the First Circuit Court of Appeals held that he had been deprived of his constitutional right to appeal because his counsel was derelict in filing an appeal. Id. at 23.

This Court has the authority to correct a prisoner's sentence "as may appear appropriate" under § 2255. In cases where a prisoner is denied the right to appeal by failure of counsel to file a timely notice of appeal, the district courts are afforded "broad leeway" in the exercise of their § 2255 authority. United States v. Torres-Otero, 232 F.3d 24, 30 (1st Cir. 2000). This discretion is available because a district court's power under § 2255 is derived from the equitable nature of habeas corpus relief. Id.

The First Circuit has set forth the following approach to be followed by district courts in this circumstance:

> When the district courts ... conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect the remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by [Federal] Rule [of Appellate Procedure] 4(b)(1)(A)(i).]

Torres-Otero, 232 F.3d at 31-32.

This Court has already followed the Torres-Otero procedure once by vacating Levine's judgment and entering an amended

judgment dated September 15, 2005.[1]  The Court notified Levine that he had a right to appeal and must file a notice of appeal within ten days of entry of that amended judgment in a previous Memorandum & Order dated August 10, 2005.  The message was, however, evidently lost on then newly appointed counsel.  That counsel's failure to file a timely notice of appeal eviscerated the purpose behind the Court's prior amended judgment, but his error should not be held against Levine, who has consistently endeavored to appeal his case.  The Court will therefore enter a further amended judgment to prevent Levine from being denied his constitutional right to appeal.

In order to permit Levine to appeal his plea and/or sentence with respect to the Massachusetts indictment, his sentence on the Massachusetts indictment will be vacated and a new judgment entered.  Because the Court sees no reason to reconsider the sentence to be imposed, Levine will be resentenced to the same terms as his original sentence on the Massachusetts indictment. See Torres-Otero, 232 F.3d at 32 (holding that "in cases where the defendant is awarded an out-of-time appeal as a § 2255 remedy for either a Rule 32 or Sixth Amendment violation, the district court is not required to engage in de novo resentencing, but may instead vacate the initial sentence and summarily reimpose a

---

[1] For this Court's full reasoning in granting Levine's original § 2255 motion, see Levine v. United States, 382 F. Supp. 2d 256 (D. Mass. 2005).

sentencing judgment identical in all respects to the earlier judgment except for the date of entry").

Finally, because Mr. Levine's various counsel have twice failed to file a notice of appeal on behalf of their client, and because Mr. Levine has made his intention to appeal his case sufficiently known, the Court will instruct the Clerk of the Court to file notice of appeal on behalf of Levine following reinstatement of judgment against him if, within seven days after the re-entry of judgment, Levine's counsel has not filed such notice of appeal.

### III.      **Petitioner's Rights in Connection with Appeal**

Mr. Levine is hereby informed, as follows, of his rights with respect to his reimposed sentence:

1) He has the right to appeal his plea and/or sentence on the Massachusetts indictment;

2) he must file a notice of appeal within ten days of the date of the reimposition of his sentence.

**ORDER**

In accordance with the foregoing:

1) Petitioner's Motion for a further amended judgment (Docket No. 107) is **ALLOWED** as it relates to the denial of the right to appeal in Case No. 01-cr-40011;

2) Petitioner's conviction in Case No. 01-cr-40011 will be **VACATED** and a judgment will be entered that is identical to the previous judgment in all respects except for the date of entry; and

3) The Clerk of the Court shall file a notice of appeal on behalf of Levine in Case No. 01-cr-40011 if, within seven days of the date of the amended judgment, counsel for Levine has not filed such notice of appeal.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 19, 2006